IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB 16 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DOCUMENT TECHNOLOGIES, LLC,

    Plaintiff,

v.                  CIVIL ACTION NO. 2:19-cv-00614

TAYLOR & WALKER P.C.,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Document Technologies, LLC's ("Plaintiff") Motion to Enforce Consent Judgment ("Motion") against Taylor & Walker P.C. ("Defendant"). ECF No. 29. Defendant has not responded. On February 9, 2023, the Court held a hearing on the matter. Accordingly, this matter is now ripe for judicial determination. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a limited liability company that provides contract-based, facilities management services to law firms. ECF No. 1. Defendant is a private law firm that entered into a facilities management agreement with Plaintiff to staff Defendant's office with personnel employed by Plaintiff. *Id.* On November 8, 2019, Plaintiff filed its Complaint against Defendant, alleging breaches of the parties' Facilities Management Agreement. ECF No. 1. On July 24, 2020, the parties reached a settlement agreement and filed a Joint Motion to Approve Consent Judgment to resolve the above-captioned case. ECF No. 27. On July 27, 2020, the Court entered a consent judgment in favor of Plaintiff in the amount of $300,000 that Defendant was ordered to pay in fixed installments beginning on August 1, 2020. ECF No. 28.

Defendant has repeatedly violated the Court's Order by failing to make timely payments. The record reflects that Defendant failed to pay $79,300 of the $143,000 balance that it was ordered to pay by July 1, 2022. ECF No. 29. In addition, Defendant has not made any recent attempts to remain current with the Consent Judgement or maintain contact with Plaintiff, despite Plaintiff's attempts to contact Defendant and its counsel. *Id.*

On July 14, 2022, Plaintiff filed the instant motion to enforce the consent judgment. *Id.* In its Motion, Plaintiff seeks an Order from the Court holding Plaintiff in contempt for violating the consent judgment. *Id.* Plaintiff also seeks attorney's fees and costs for the amount incurred in seeking to enforce the Consent Judgment. Defendant has not responded. *Id.* On February 9, 2023, the Court held a hearing on the matter. ECF No. 30. Neither Defendant nor his counsel appeared to defend against the Motion. *Id.*

## II. LEGAL STANDARD

To obtain compliance with an existing order, a district court has inherent authority to hold any party in contempt. *Rainbow School, Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018) (citing *Shillitani v. United* States, Consumer *Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020). "That power includes the ability to award damages and attorney's fees to an aggrieved party." *Id.* Civil contempt is appropriate where a party has violated an order of a court which "'set[s] forth in specific detail an unequivocal command' which a party has violated." *In re General Motors*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)). The violation must be of an order that is "clear and unambiguous." *Id.* (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)).

If contempt is found, the trial court has broad discretion to fashion a remedy. *Id.*, 61 F.3d at 259. Courts may order the contemnor to reimburse the complainant for reasonable attorney's

fees. *Id.* (citation omitted). Although willfulness is not an element of civil contempt, *id.* (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), district courts in this Circuit have held that before awarding attorney's fees, a finding of "willful disobedience" – whereby the contemnor's conduct rises to the level of obstinance or recalcitrance – may be required. *Omega World Travel, Inc. v. Omega Travel, Inc.*, 710 F. Supp. 169, 172–73 (E.D.Va.1989), *aff'd*, 905 F.2d 1530 (4th Cir.1990) (unpublished), (citing *Wright v. Jackson*, 522 F.2d 955, 957–58 (4th Cir. 1975)). Mere negligence or carelessness is insufficient to support an award of attorney's fees. *Id.*

### III.  DISCUSSION

To hold Defendant in civil contempt, Plaintiff must provide clear and convincing evidence that: (1) a valid decree of which Defendant had actual or constructive knowledge exists; (2) the decree was in the Plaintiff's "favor"; (3) Defendant violated the terms of the decree by its conduct, with knowledge (at least constructive knowledge) of such violations; and (4) Plaintiff suffered harm as a result. *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)). For the reasons stated herein, the Court finds Defendant in civil contempt.

On July 27, 2020, the Court entered a valid decree when it issued a judgment in favor of Plaintiff, requiring Defendant to pay Plaintiff a monetary sum of $300,000 in fixed installments. ECF No. 28. Defendant had actual knowledge of the decree, as the parties reached a settlement agreement and filed a Joint Motion to Approve Consent Judgment to resolve the above-captioned case on July 24, 2020. ECF No. 27. In addition, Plaintiff attempted to contact Defendant regarding its late installment payments on at least two separate occasions. *See* ECF No. 29, Ex. 1. The Court finds that Plaintiff's communications to Defendant created constructive knowledge of Defendant's violations, in satisfaction of the third element. Finally, Defendant has violated the terms of the

consent judgment by failing to pay $79,300 in accordance with the fixed installment schedule and has not proffered any reason for its failure to make payments. Plaintiff has clearly been harmed by Defendant's failure to timely pay the required balance of the judgment amount. Based on this evidence, the Court holds Defendant in civil contempt for violating the terms of the consent judgment. The Court hereby **AWARDS** judgment to Plaintiff in the amount of $79,300.

At the hearing on February 9, 2023, Plaintiff's counsel preserved the right to seek an award for the attorney's fees and costs incurred in filing the instant Motion. ECF No. 29. Generally, each party bears its own costs of litigation unless statutory authority provides otherwise or an exception to the rule applies. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245–47 (1975). A district court may grant attorney's fees against a losing party when it has acted in bad faith, vexatiously, or wantonly. *Id.* Upon further review, the Court finds that a provision of the consent judgment entitles Plaintiff "to its reasonable attorneys' fees and costs incurred for any action to enforce the terms of th[e] Consent Judgment based on Defendant's failure to comply." In the event that Plaintiff wishes to pursue attorney's fees, Plaintiff is **DIRECTED** to renew its request by filing a statement of attorney's fees and costs within thirty days (30 days) of the date of this Order.

### IV. CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Enforce Consent Judgment, ECF No. 29, is **GRANTED**. Plaintiff shall file a statement of attorney's fees and costs within thirty days (30 days) of the date of this Order.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 16, 2023

Raymond A. Jackson
United States District Judge